IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

JOANNA H.,
    Plaintiff,

v.

COMMISSIONER of SOCIAL
SECURITY,
    Defendant.

Case No. 4:19-cv-04035-JEH

### Order

Now before the Court is the Plaintiff Joanna H.'s ("Joanna") Motion for Summary Judgment (D. 12)[1], the Commissioner of Social Security's ("Commissioner") Motion for Summary Affirmance (D. 15), and the Plaintiff's Reply (Doc. 17). For the reasons stated herein, Joanna's Motion for Summary Judgment is granted, and the Commissioner's Motion for Summary Affirmance is denied.[2]

On November 30, 2015, Joanna filed a claim for Supplemental Security Income alleging disability beginning on December 1, 2014. (AR 204). Joanna presented evidence that she is disabled due to bipolar disorder, depression, suicidal ideation, anxiety disorder, pancreatitis, gastroesophageal reflux disease, chronic back pain, knee pain, hypertension. (AR 333-335, 336-345, 361-363, 418-422, 463-469). Following denials at the initial and reconsideration stages, Joanna requested a hearing with an Administrative Law Judge (hereafter "ALJ"). (AR 111, 149, 166-167). A hearing was held on July 11, 2017

---

[1] Citations to the Docket in this case are abbreviated as "D. __ at ECF pp. __," and citations to the Administrative Record below are abbreviated as "AR."
[2] The parties consented to a magistrate judge presiding over this case. D. 10 & 11

before the Honorable Robert Luetkenhaus. (AR 34-80). Following the administrative hearing, Joanna's claim was denied on November 22, 2017. (AR 12-33). On December 26, 2018, the Appeals Council refused to assume jurisdiction making the ALJ decision on November 22, 2017 final. (AR 1-6).

Two consultative examinations performed as part of the process were completed by Olatokunbo Shobande, M.D. and Stanley Rabiinowitz, M.D. (AR 524-531, 430-431). Dr. Shobande noted that Joanna had chronic back pain that limited her to walking 2 to 3 blocks and lifting no more than 20 pounds. (AR 525). On objective exam, she had moderate difficulty walking, she was able to perform a heel/toe walk with difficulty, and she had limited range of motion of the lumbar spine. (AR 526-527). Test results were provided as objective evidence. (AR 527-530). The consultative exam by Dr. Rabinowitz revealed pain on range of motion testing of the lumbar spine and diagnosed her with chronic LS pain. (AR 430-431). Dr. Rabinowitz noted she could walk 2-3 blocks at a time and bending and lifting were restricted. (AR 429). He noted she was obese. *Id*. Lumbar spine range of motion was limited on objective exam. (AR 433).

Joanna argues the exams are not only evidence of a severe, medically determinable impairment for Joanna's back pain, but also would preclude all the jobs that the ALJ stated Joanna could perform. *See* (AR 27) (all jobs required a minimum of a light exertional level which requires a minimum of walking and/or standing 6 out of 8 hours a day); SSR 83-10. She argues that the ALJ failed to discuss any of the factors required by 20 C.F.R. § 404.1527 for either of these medical opinions, and the omission of the analysis of these reports warrants remand. More specifically, she argues it was harmful error because these opinions support Joanna's allegations of severe back impairments that would limit her ability to stand and walk.

The Commissioner in response tacitly acknowledges that the ALJ failed

2

to make any reference to these consultative exams, but argues that ALJ "reasonably cited to evidence from Dr. Shobande and Dr. Rabinowitz." D. 16 at ECF 15.

When considering medical opinions, an ALJ is required to consider the length of treatment, the nature and extent of the treatment relationship, whether the opinion is supported by medical signs and laboratory findings, whether the opinion is consistent with the record as a whole, and whether the physician is a specialist. 20 C.F.R. § 404.1527. An ALJ must "articulate at some minimal level her analysis of the evidence to permit an informed review." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir 2001). It is error when an ALJ makes mistakes in describing testimony or relies on illogical or erroneous statements about a claimant that materially impact the ALJ's conclusion that a claimant is not disabled. *Sarchet v. Chater*, 78 F.3d 305, 307-309 (7th Cir. 1996). Moreover, "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Spiva v. Astrue*, 628 F.3d 346 (7th Cir. 2010). An ALJ must build a "logical bridge" between the ALJ's finding and the evidence in the case. *Id.* This is the ALJ's duty. *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000). Any arguments that such an omission is harmless error would be post-hoc rationalization and should not be considered by a reviewing court. *SEC v. Chenery Corp.*, 318 U.S. at 87; *Spiva*, 628 F.3d at 346.

Here, the ALJ's decision fails to mention either consultative examination, let alone discuss them or explain what weight, if any, to give them.  Although it is true, as the Commissioner points out, that the ALJ's decision cites to the location in the record where the doctors' reports are, those citations are among a string of multiple citations to the record generally. Other than these fleeting citations, there is not a shred of evidence from the ALJ's decision to the indicate

3

that the ALJ even knew the reports from these examinations existed, let alone any discussion of their contents. It is simply impossible for this Court to build a "logical bridge" between the ALJ's finding and the evidence in this case, when the ALJ omits altogether from its discussion two consultative examinations by medical doctors. *See Shramek v. Apfel*, 226 F.3d at 811. The Commissioner essentially asks this Court to build the bridge for the ALJ, but that is not this Court's job—that is the job of the ALJ. *Shramek*, 226 F.3d at 811.

The failure of the ALJ's decision to mention, discuss, and evaluate these consultative examinations requires a remand. Moreover, given that this Court cannot predict how the ALJ's consideration of the consultative examinations will factor into what Joanna's severe impairments are, how her subjective complaints of pain will compare to a completely evaluated medical record, and what her ultimate RFC will be as a result of a proper weighing of all the evidence, on remand, after properly considering the consultative examinations, the ALJ should reweigh all of these findings in light of the consultative examinations.

For these reasons, the Plaintiff's Motion for Summary Judgment (D. 12) is GRANTED, the Defendant's Motion for Summary Affirmance (D. 15) is DENIED, and this matter is REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g) for the ALJ. Specifically, the ALJ shall on remand consider the consultative examinations, along with all the other evidence of record, in determining whether Joanna has the severe impairments of back pain and obesity along with her other severe impairments and then perform the other steps in the sequential process.[3]

---

[3] 20 C.F.R. § 404.1520 provides that an ALJ must evaluate, in the following order, whether the claimant: 1) currently performs or, during the relevant time period, did perform any substantial gainful activity;

The Clerk of Court is directed to enter judgment as follows: "IT IS ORDERED AND ADJUDGED that this case is remanded to the Commissioner of Social Security for further proceedings consistent with this Opinion pursuant to 42 U.S.C. § 405(g), Sentence Four."

*It is so ordered.*

Entered on August 28, 2020.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

2) suffers from an impairment that is severe or whether a combination of her impairments is severe; 3) suffers from an impairment which meets or equals any impairment listed in the appendix and which meets the duration requirement; 4) is unable to perform her past relevant work which includes an assessment of the claimant's residual functional capacity; and 5) is unable to perform any other work existing in significant numbers in the national economy.